UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20301-CR-MORENO

UNITED STATES OF AMERICA,

vs.

ANNARELLA GARCIA,

Defendant.
_____/

## PLEA AGREEMENT

The United States of America, by and through the Fraud Section of the Criminal Division of the Department of Justice and the United States Attorney's Office for the Southern District of Florida (hereinafter referred to as the "United States"), and Annarella Garcia (hereinafter referred to as the "defendant"), enter into the following agreement:

1.      The defendant agrees to plead guilty to Count 1 of the Indictment.  Count 1 charges that the defendant knowingly and willfully combined, conspired, confederated and agreed with others to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1349.  The United States agrees to seek dismissal of Count

1

2 of the Indictment after sentencing. The defendant acknowledges that she has read the charges against her contained in the Indictment and that those charges have been fully explained to her by her attorney.

2.      The defendant is aware that the sentence will be imposed by the Court. The defendant understands and agrees that federal sentencing law requires the Court to impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in Title 18, United States Code, Section 3553(a)(2) and that the Court must consider the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines") in effect at the time the offense was committed in determining that reasonable sentence. The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's Probation Office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that while the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, it is not bound to impose that sentence. Defendant understands that the facts that determine the offense level will be found by the Court at the time of sentencing and that in making those determinations the Court may consider any reliable evidence, including hearsay, as well as the provisions or stipulations in this Plea Agreement. The United States and the defendant agree to recommend that the Sentencing Guidelines should apply pursuant to United States v. Booker,

that the Guidelines provide a fair and just resolution based on the facts of this case, and that no upward or downward departures are appropriate other than the reductions for acceptance of responsibility. The Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.      The defendant also understands and acknowledges that as to Count 1, the Court may impose a statutory maximum term of imprisonment of up to ten (10) years. In addition to any period of imprisonment the Court may also impose a period of supervised release of up to three (3) years to commence at the conclusion of the period of imprisonment. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to the greater of $250,000, or twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(b)(3) and (d).

4.      The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the total amount of $100 for each offense of conviction will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5.      The defendant understands and acknowledges that as a result of this plea, the defendant will be excluded from Medicare, Medicaid, and all Federal health care programs. Defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department

3

of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare and Medicaid.

6.      The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's denaturalization and automatic removal from the United States.

7.      The defendant shall cooperate with law enforcement officials, attorneys with the United States Department of Justice and United States Attorney's Office for the Southern District of Florida, and with federal regulatory officials charged with regulating or overseeing the Medicare program by providing full, complete and truthful information regarding her knowledge, conduct and actions while involved in health care and by providing active cooperation in ongoing investigations if requested to do so. If called upon to do so, the defendant shall provide complete and truthful testimony before any grand jury or trial jury in any criminal case, in any civil proceeding or trial, and in any administrative proceeding or hearing.

4

In carrying out her obligations under this paragraph, the defendant shall neither minimize her own involvement nor fabricate, minimize or exaggerate the involvement of others. If the defendant intentionally provides any incomplete or untruthful statements or testimony, her actions shall be deemed a material breach of this agreement and the United States shall be free to pursue all appropriate charges against her notwithstanding any agreements to forebear from bringing additional charges as may be otherwise set forth in this agreement.

8.      The defendant shall provide the Probation Office and counsel for the United States with a full, complete and accurate personal financial statement. If the defendant provides incomplete or untruthful statements in her personal financial statement, her action shall be deemed a material breach of this agreement and the United States shall be free to pursue all appropriate charges against her notwithstanding any agreements to forbear from bringing additional charges otherwise set forth in this agreement.

9.      Provided that the defendant commits no new criminal offenses and provided she continues to demonstrate an affirmative recognition and affirmative acceptance of personal responsibility for her criminal conduct, the United States agrees that it will recommend at sentencing that the defendant receive a three level reduction for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States, however, will not be required to make this sentencing recommendation if the defendant:  (1) fails or refuses to make a full, accurate and complete disclosure to the United States and the Probation Office of the circumstances surrounding the relevant offense conduct and her present financial condition; (2) is found to have misrepresented facts to the United States prior to entering this

plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

10.     The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this plea agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

11.     The United States reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the Court at the time of sentencing.  If in the sole and unreviewable judgment of the United States the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the sentence advised by the Sentencing Guidelines, the United States may at or before sentencing make a motion pursuant to Title 18, United States Code, Section 3553(e), Section 5K1.1 of the Sentencing Guidelines, or subsequent to sentencing by motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure, reflecting that the defendant has provided substantial assistance and recommending a sentence reduction. The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require the United States to file such a motion and that the United States' assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding on the defendant.

6

12.     The defendant understands and acknowledges that the Court is under no obligation to grant a motion by the United States pursuant to Title 18, United States Code, Section 3553(e), 5K1.1 of the Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, as referred to in paragraph 11 of this agreement, should the United States exercise its discretion to file such a motion.

13.     The defendant admits and acknowledges that the following facts are true and that the United States could prove them at trial beyond a reasonable doubt:

> a.     That the defendant's participation in the conspiracy and scheme and artifice resulted in an actual or intended loss of more than $2,500,000 and less than $7,000,000;
>
> b.     That the defendant was an organizer and leader of a criminal activity that involved five or more participants and was otherwise extensive; and
>
> c.     That the defendant's offense constituted a Federal health care offense involving a Government health care program.

14.     Based on the foregoing, the United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines. Although not binding on the probation office or the Court, the United States and the defendant further agree that, except as otherwise expressly contemplated in this plea agreement, they will jointly recommend that the Court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory Sentencing Guideline range in this case. Further, the United States and the defendant agree, although not

binding on the probation office or the Court, that there are no factors or circumstances which would support or otherwise suggest the propriety of the Court's finding of any variance under Title 18, United States Code, Section 3553(a). The parties agree that, at the time of sentencing, the United States will recommend a sentence at the low end of the Sentencing Guidelines.

15.     The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(a)     Base Offense Level:  That the base offense level is six (6), pursuant to Section 2B1.1(a)(2) of the Sentencing Guidelines.

(b)     Loss:  That the defendant's offense level shall be increased by eighteen (18) levels pursuant to Section 2B1.1(b)(1)(J) because the actual or intended loss related to the health care fraud scheme was greater than $2,500,000, but less than $7,000,000.  This figure reflects the fraudulent billings for health care items and services, known as of the date of this agreement, that were submitted to the Medicare program by Professional Medical Home Health, LLC as a result of the defendant's conduct.

(c)     Aggravating Role:  That the defendant's offense level shall be increased by four (4) levels pursuant to Section 3B1.1(a) because the defendant was an organizer and leader and the criminal activity involved five or more participants and was otherwise extensive.

(d)     Federal Health Care Offense: That the defendant's offense level shall be increased by two (2) levels pursuant to Section 2B1.1(b)(7) because the offense

8

constituted a Federal health care offense involving a Government health care program.

    (e)    <u>Sophisticated Means</u>:   The parties reserve the right to argue at sentencing whether the defendant's offense level shall be increased by two (2) levels pursuant to Section 2B1.1(b)(10) because the offense otherwise involved sophisticated means.  The parties also agree that if the court finds that the offense involved sophisticated means, the offense level shall be increased by two (2) levels.

TOTAL OFFENSE LEVEL – UNADJUSTED                <u>30</u> or <u>32</u>

    (f)    <u>Acceptance of Responsibility</u>:   That the defendant's offense level shall be decreased by three (3) levels pursuant to Sections 3E1.1(a) and 3E1.1(b) because the defendant has clearly demonstrated acceptance of responsibility for her offense and assisted authorities in the investigation of and prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty.

TOTAL OFFENSE LEVEL – ADJUSTED                 <u>27</u> or <u>29</u>

16.    The defendant acknowledges and understands that additional or different enhancements or guideline provisions might be applicable, and that neither the Court nor Probation are bound by the parties' joint recommendations.

17.    The defendant agrees to forfeit to the United States voluntarily and immediately all of her right, title and interest to any and all assets and their substitutes which are subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(7) which are in the possession

and control of the defendant or nominees including, but not limited to: six million, two hundred fifty seven thousand, one hundred forty two dollars ($6,257,142), which sum represents the gross proceeds of the offense to which defendant will plead guilty, and defendant specifically agrees to the entry of a personal money judgment in that amount.

The defendant also agrees that the defendant shall assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture, disgorgement, transfer or surrender of all rights, title, and interest, regardless of their nature or form, in the assets which the defendant has agreed to forfeit, disgorge, transfer or surrender, and any other assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to her knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture, disgorgement, transfer or surrender, including but not limited to those specific real and personal properties set forth in the forfeiture counts of the indictment. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property by delivery to the United States upon the United States' request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property. To the extent the assets are no longer within the possession and control or name of the defendant, the defendant agrees that the United States may seek substitute assets within the meaning of 21 U.S.C. § 853.

18.    The defendant knowingly and voluntarily agrees to waive any claim or defenses she may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited assets.   Defendant further knowingly and voluntarily waives her right to a jury trial on the forfeiture of said assets, waives any statute of limitations with respect to the forfeiture of said assets, and waives any notice of forfeiture proceedings, whether administrative or judicial, against the forfeited assets.

19.    The defendant acknowledges that because the offenses of conviction occurred after April 24, 1996, restitution is mandatory without regard to the defendant's ability to pay and that the Court must order the defendant to pay restitution for the full loss caused by her criminal conduct pursuant to Title 18, United States Code, Section 3663A, provided, however, that the value of any property forfeited shall be credited against any order of restitution.

20.    The defendant is aware that the sentence has not yet been determined by the Court.   The defendant is also aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court.   The defendant understands further that any recommendation that the United States makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.   The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the

defendant, the United States, or a recommendation made jointly by both the defendant and the United States.

21.     The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any forfeiture or restitution ordered, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the right of the United States and/or its duty to appeal as set forth in Title 18, United States Code, Section 3742(b).  However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights.  By signing this agreement, the defendant acknowledges that she has discussed the appeal waiver set forth in this agreement with her attorney.  The defendant further agrees, together with the United States, to request that the district Court enter a specific finding that the defendant's waiver of her right to appeal the sentence to be imposed in this case was knowing and voluntary.

22.     For purposes of criminal prosecution, this Plea Agreement shall be binding and enforceable upon the Fraud Section of the Criminal Division of the United States Department of Justice and the United States Attorney's Office for the Southern District of Florida.  The United States does not release defendant from any claims under Title 26, United States Code.  Further,

this Agreement in no way limits, binds, or otherwise affects the rights, powers or duties of any state or local law enforcement agency or any administrative or regulatory authority.

23.     Defendant agrees that if she fails to comply with any of the provisions of this agreement, including the failure to tender such agreement to the Court, makes false or misleading statements before the Court or to any agents of the United States, commits any further crimes, or attempts to withdraw the plea (prior to or after pleading guilty to the charges identified in paragraph one (1) above), the Government will have the right to characterize such conduct as a breach of this agreement.  In the event of such a breach: (a) the Government will be free from its obligations under the agreement and further may take whatever position it believes appropriate as to the sentence and the conditions of the defendant's release (for example, should the defendant commit any conduct after the date of this agreement that would form the basis for an increase in the defendant's offense level or justify an upward departure – examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or Court – the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) the defendant will not have the right to withdraw the guilty plea; (c) the defendant shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including perjury and obstruction of justice; and (d) the defendant waives any protections afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule 11 of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, and the Government will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding any of the information, statements,

and materials provided by her pursuant to this agreement, including offering into evidence or otherwise using the attached Agreed Factual Basis for Guilty Plea.

24.     This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations or understandings.

WIFREDO FERRER

UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

Date: 6/24/14          By: _____ (for)
                           A. BRENDAN STEWART
                           TRIAL ATTORNEY
                           U.S. DEPARTMENT OF JUSTICE
                           CRIMINAL DIVISION, FRAUD SECTION

Date: 6/24/14          By: _____
                           ANNARELLA GARCIA
                           DEFENDANT

Date: 6/24/14          By: _____
                           AVELINO JOSE GONZALEZ, ESQ.
                           MARIO A. MACHADO, ESQ.
                           COUNSEL FOR ANNARELLA GARCIA

_____
Interpreter

14